## STATE *vs.* JOSEPH H. GALLANT.

### Cumberland.    Opinion November 22, 1924.

*Where an instruction to a jury unexplained may have been prejudicial to a respondent, an exception, seasonably taken, must be sustained.*

On exceptions. The respondent was indicted for taking indecent liberties and indulging in indecent and immoral practices with a female under sixteen years of age, and tried before a jury.

At the conclusion of the evidence, counsel for the respondent filed a motion for a directed verdict for the respondent which was denied by the presiding Justice and respondent entered an exception. After the charge to the jury counsel for respondent also took an exception to a certain part of the charge. The exception to the refusal of the court to direct a verdict in favor of the respondent was not considered. Exception sustained.

The case is stated in the opinion.

*Clement F. Robinson, Deputy Attorney General, and Ralph M. Ingalls, County Attorney,* for the State.

*S. St. F. Thaxter and W. A. Connellan,* for the respondent.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, STURGIS, BARNES, JJ.

CORNISH, C. J., DUNN, MORRILL, JJ., concurring in the result.

WILSON, J. This case comes before this court on exceptions to a portion of the charge of the presiding Justice and also to his refusal to direct a verdict of not guilty.

The respondent was indicted under fifteen separate counts for immoral practices and taking indecent liberties with and assaults upon three young girls, on five different occasions, widely separated in time. He was tried, however, on only three counts each relating to the same incident and with only one of the girls and was convicted under one count for the taking of indecent liberties.

The portion of the charge of the presiding Justice to which exceptions were taken was as follows:

"Another suggestion was made in argument that I think is proper for you to have in mind. It is right that you should give due and fair attention to the query raised by counsel for this respondent—What about the situation of an innocent man with an unspotted past who finds himself confronted with a charge like this? What is he to do? Now, that is a fair question for you to ask yourselves. But in disposing of that question I would suggest that it is equally pertinent and equally fair for you to ask yourselves—What about the likelihood as things develop, as matters break in a community generally, what about the likelihood of a man innocent of any wrong being confronted with a charge of this sort, and, if so confronted, what are the reasons which will prompt it? What about the likelihood, if one is so confronted, when in fact he is innocent, what about the likelihood of there being an explanation for the charge being brought, such as malice or, not in this particular situation, which would be inconceivable, but in this class of cases where there are grown people, perhaps blackmail, purpose to extort money, such motives as that? Different motives may cause people to bring these false charges. So I say, if you are asking yourselves—What about the situation of one who is innocent and confronted with this charge? take it on the other side, set one off against the other,—what about the reasonableness or likelihood of such a charge being brought against an innocent person without reason?"

At the close of the charge, before the jury retired and presumably in their presence, counsel for respondent took exceptions to the above portion of the Judge's charge and assigned his reasons as follows: "Because it invades the law which provides that the respondent is presumed to be innocent and the fact that an indictment has been found against him is not, must not, and should not be considered against him."

Unfortunately the charge does not make clear what the argument of counsel was to which it refers. The Bill of Exceptions, however, sets forth that it referred to a suggestion by respondent's counsel to the jury that under the circumstances, even if innocent, a denial of the charge and evidence of his good moral character was all the evidence that a man in his situation could produce.

The fair inference from the above instructions would seem to be that the jury might properly consider that groundless complaints of this nature are not made without some reason, such as malice or purposes of blackmail, which a respondent, if innocent, might show; and if no such adequate explanation was offered, the jury might well consider the likelihood of such a complaint being made without reason, unless true.

Standing alone and in the sense intended by the presiding Justice, though not couched in his usual happy and clear phraseology, the instructions were not objectionable upon the grounds set forth in the respondent's exceptions.

When read and analyzed, it may be clear that the court was not referring to the charges contained in the indictment but to the the charge, or testimony, of the complainant. Counsel for the respondent, however, with only the impression left on his mind from hearing the charge, felt that it was susceptible of the other construction, and in the presence of the jury gave to it that construction. The court notwithstanding the construction placed upon his language by counsel in open court did not make his meaning clear to the jury, nor in any part of his charge did he caution or instruct the jury that the fact that the Grand Jury had made these charges against the respondent by indictment must not in any way influence them in arriving at their verdict. Considering the nature of the indictment in this case, such an instruction would have been especially appropriate, and in view of the construction placed upon the court's language by counsel in the presence of the jury was, we think, essential to an impartial trial for the respondent.

The failure to so instruct the jury was undoubtedly an oversight such as often occurs in the midst of trials, but which under the circumstances renders it impossible for this court to say that the instructions excepted to, without explanation or qualification, after the construction placed upon them by counsel in open court, may not have been prejudicial to the respondent, or if proper instructions had been given in this respect, a different verdict might not have resulted. This exception must, therefore, be sustained. *State* v. *Houlehan,* 109 Maine, 281, 285; *Starkey* v. *Lewin,* 118 Maine, 87, 91; *King* v. *Ward,* 74 Maine, 349, 351; *Hopkins* v. *Fowler,* 39 Maine, 568; *State* v. *Hart,* 66 Mo., 208.

While there are certain features of this case which entitle the respondent to a most careful scrutiny and weighing of the evidence, the court deems it unnecessary to consider the exception to the refusal to direct a verdict for the respondent.

Entry will be:

*Exception sustained.*